## No. 11,052.

CRESCENT CITY RAILROAD COMPANY VS. CITY OF NEW ORLEANS AND BOARD OF ASSESSORS.

The assessment of the value of a franchise measured chiefly by the earning capacity of the corporation is a proper assessment.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*John M. Bonner* for Plaintiff and Appellant.

*E. A. O'Sullivan*, City Attorney, *R. Lyons* and *Wynne Rogers* for Defendants and Appellees.

The opinion of the court was delivered by

BREAUX, J. The plaintiff appeals from a judgment rejecting its

67

demand to have its assessment reduced on its franchise for operating its railroad.

The Board of Assessors assessed this franchise for the year 1891.

The plaintiff, in due time, applied to have the assessment reduced to $250,000.

In making the assessment the board regarded the earning capacity of the company as required by Act 106 of 1890, Sec. 28.

In reference to the corporations: within the terms of the section, a safeguard is provided, so as to enable the assessing officers to fairly estimate the value of their franchises.

The corporations are required to furnish within twenty days from the 1st of January, of each year, a sworn statement of their condition and a sworn statement of the costs of their property, real and personal, and the value at which it is carried on the books. In determining the " assessment these valuations shall be considered."

They are required also to furnish a sworn statement of their earning capacity, which said earning capacity shall form a basis in estimating their respective franchises.

The earning capacity of property, without regard to its nature, is not always a criterion of value.

There is property of which it is not an element of value at all, such as jewels and other articles of mere ornament.

But generally the earning capacity is the element of value.

The franchise of plaintiff, if it had no earning capacity whatever, would receive no consideration as property.

The statute commands that the earning capacity shall be a basis, without, however, excluding consideration of any other element of value it may possess.

The assessors contended that the earning capacity was a fair criterion of its value and therefore properly acted upon that theory.

To break the force of the act, plaintiff proves that a large amount was borrowed to make improvements, and that if this loan had not been made, the dividends could not have been declared.

The fact remains that a dividend was declared.

When the loan will be paid or returned, it may well be that the plaintiff company will not declare dividends.

The effect upon the value of the franchise will, at the time, be a fair subject for consideration.

It is also in evidence that the Electric Traction Company guaranteed to the plaintiff company a 5 per cent. dividend for a number of years; that the Electric Company failed to carry out its contract, but that the Crescent City Railroad Company, on the guarantee, paid the 5 per cent. dividends.

The company is bound by its statement that it earned a dividend.

On the face of the books and returns it was its earning capacity for 1891.

It is not shown that plaintiff was remediless; that a loss had been incurred for which there is no remedy; or that there was an absolute failure of compliance on the part of the Electric Company.

If a loss did subsequently arise and a consequent inability to declare dividends, the question may come up in the matter of the assessment of another year.

At this time the proof does not establish the incorrectness of the company's statement that the dividends declared were 5 per cent. Upon that basis, we think that the estimate is fair, and that the Board of Assessors complied with the statute and made a proper assessment.

Judgment affirmed at appellant's costs.